# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4704 | **DATE** | 5/13/2002 |
| **CASE TITLE** | Wright vs. Hollywood Casinos et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion to strike all of defendant's objections to plaintiff's first set of interrogatories [24-1] and to compel defendant to answer certain interrogatories and requests [24-2] is granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 1 4 2002 | 28 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 5/13/2002 | |
| KF | courtroom deputy's initials | 02 MAY 13 PM 3:51 | date mailed notice KF mailing deputy initials | |

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



EMMA L. WRIGHT )
)
    Plaintiff, )
) No. 01 C 4704
v. )
) Judge Robert W. Gettleman
HOLLYWOOD CASINOS, et al., ) Mag. Judge Mason
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff has filed a motion to strike defendant's objections to her requests for interrogatories and requests to admit, and also to compel defendant to respond to certain discovery requests. For the following reasons, plaintiff's motion is granted in part and denied in part.

This is an employment discrimination case. Plaintiff alleges that she was discriminated against on the basis of her race, age, and gender, and also that defendant retaliated against her because of her complaints. Her discovery requests seek, *inter alia*, information about similarly situated employees, defendant's policies, and information relating to her request for unemployment benefits.

As an initial matter, we deny plaintiff's motion to strike defendant's objections to plaintiff's discovery requests. Although it is true that defendant was late in serving its responses and objections, the delay was neither substantial nor prejudicial to the plaintiff. Further, there is some evidence that the parties discussed extending the time for defendant to respond. When the responses were late, plaintiff's attorney called defendant's counsel

to ask when the discovery would be produced; plaintiff did not ask that defendant's objections be stricken until after it received them and was displeased with their content.

We will discuss each of plaintiff's specific requests in turn:

1) Interrogatory No. 14 asks the defendant to state whether it contends that the three complaints plaintiff made to defendant about her treatment were statutorily protected activity. Defendant responds that it denies receiving two of the complaints, and thus responding to this part of the request would require it to make a pure legal opinion, which it is not required to do under the federal rules. In this case, plaintiff served three interrogatories (Nos. 5, 12, and 13) which asked the defendant for information about its knowledge of and response to the three events that led to plaintiff's complaints. Interrogatory 14 asks the defendant to apply the law to the facts from those interrogatories, and we order it to do so, even if its answer reveals that it does not have enough information to make a particular determination.

2) Interrogatory No. 15 asks the defendant to identify all employees who have been terminated and then rehired by defendant. Defendant contends that rehiring a terminated employee is against its policy. Defendant must answer this question, even if to tell plaintiff that it has no such individuals; to the extent defendant is aware of any exceptions, it must identify them.

3) Requests for Production No. 8, 10 and 11 have been resolved by the parties.

4) Request for Production No. 9 asks that defendant produce all documents it has concerning plaintiff's claim for unemployment benefits. Defendant objects on the ground that 820 ILCS 405/1900 *et. seq.* prevents the disclosure of such information. Although we cannot find any case law directly on point, we interpret the statute to bar the Illinois

2

Department of Employment Security ("IDES"), not an individual employer, from disclosing unemployment information. The statute refers to keeping confidential information "obtained" during the administration of the Unemployment Insurance Act; only the IDES obtains information, the information the plaintiff seeks here is in her former employer's possession and was not obtained from another entity.

However, even if the privilege is intended to extend to a private employer, we believe disclosure is appropriate in this case. In *Tutman v. WBBM-TV/CBS Inc.,*, No. 96 C 4424, 1997 WL 548556 (N.D.Ill. 1997), the court found that the state privilege protecting disclosure by the IDES should not apply in a federal employment discrimination action involving the same parties as the unemployment action. The Court's reasoning included a thorough analysis of whether a state statute regarding privilege should ever apply in a federal case where state law did not provide the rule of decision. In *Tutman*, it was the defendant who requested that the IDES produce a copy of the transcript from the plaintiff's unemployment hearing itself; one factor in favor of ordering production was the fact that the defendant could have attended the hearing itself.

In this matter, we are not certain whether the information the plaintiff requests from the defendant would have been available to it otherwise, but we do note that the defendant alleges that much of the documentation is already in the plaintiff's possession. The plaintiff also argues that some of the information she seeks may never have been produced to the IDES at all, thus eliminating the need to even consider the question of a statutory privilege. We order defendant to produce all relevant documentation, but allow the production to be stayed until such time as the parties enter into an appropriate protective order, if they so choose. And of course, any information that is protected by the

3

attorney-client privilege should be identified in a privilege log.

5) Request for Production 25 asks for the personnel files of all employees who worked in the "Stagehands or Stage Crew Department" from January 1, 1999 to the present. Defendant objects that employees who held the same job as plaintiff are not similarly situated for the purposes of this case because they did not all have the same supervisor or the same hours. We agree that defendant may limit its production of these employees' personnel files to those individuals who had the same supervisor as plaintiff, no matter what their hours.[1] Defendant should produce these files for the period January 1, 1999 to the date of the plaintiff's termination on January 2, 2001.

6) Request for Production 26 asks for the personnel files of all employees terminated for excessive absences (as defendant claims the plaintiff was), from January 1, 1997 to the present. We agree that this information is relevant to the plaintiff's case. Defendant has not argued that different employees were subject to different absence rules, and thus, information about any employee terminated for excessive absences is relevant. However, we limit the time period to January 1, 1998 to January 2, 2001. We will order the defendant to produce an extra year of files to ensure that the information is subject to an accurate conclusion, no matter which party it favors.

7) Request for Production No. 27 asks for the personnel files for all employees who have accumulated more than 10 absences, with no date limitation. We believe this

---

[1] Plaintiff argues that all employees with the same job title as her would be subject to the same work rules and regulations, and thus they are all similarly situated, regardless of their supervisor. We disagree, and find that our disposition of plaintiff's other document requests should provide her with all relevant information about how certain job rules (ie, concerning absences) were applied to employees throughout defendant's casino.

4

information is relevant, but limit the time period to employees who accumulated their tenth absence between January 1, 1998 to January 2, 2001.

8) Request for production 37 requests all documents relating to defendant contesting claims for unemployment insurance. Although we ordered defendant to produce such information with regard to the plaintiff, we do not believe that information relating to other employees is relevant and thus deny this request.

As stated above, plaintiff's motion to strike defendant's objections to her discovery requests is denied. Plaintiff's motion to compel defendant to respond to her discovery requests is granted in part and denied in part. It is so ordered.

ENTER:

*[signature]*

MICHAEL T. MASON
United States Magistrate Judge

Dated:   May 13, 2002